# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

No. 00-20134
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TONNIE RAY GALBERT,

Defendant-

Appellant.

--------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-507-ALL
--------------------------------------------------------
February 9, 2001

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges:

PER CURIAM:[*]

Tonnie Ray Galbert argues that his conviction for being a felon in possession of a firearm should be reversed because it was based on evidence seized as a result of a search warrant that was issued in violation of the Fourth Amendment. Galbert argues that the magistrate who authorized the issuance of the warrant failed to act in a neutral and detached manner because she signed the warrant and supporting affidavit although they contained incorrect dates on the signature lines which rendered the warrant invalid on its face. He argues that the district court should have granted his motion to suppress the evidence discovered pursuant to the warrant.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In considering a Fourth Amendment challenge to a seizure conducted pursuant to a search warrant, the first question addressed is whether the seizure falls within the good faith exception to the exclusionary rule. United States v. Davis, 226 F.3d 346, 350-51 (5th Cir. 2000). Under the good faith exception, evidence obtained pursuant to a search warrant that was insufficient to establish probable cause is admissible if the officer acted in objectively reasonable good faith reliance on the warrant. Id. at 351. However, the "good faith" exception does not apply if the officer issuing the warrant "`wholly abandoned his judicial role' and acted as a part of the law enforcement team, rather than as a check on its zeal." Id. at 351 n.1. It is this latter principle that Galbert is relying upon in challenging the seizure.

Although the warrant and affidavit at issue herein reflected that the documents had been signed on March 8, 1999, the district court's determination that the documents were actually signed on April 8, 1999 was supported by the testimony and documentary evidence presented during the hearing on the motion to suppress. The evidence further reflected that the magistrate failed to observe the error and did not correct the date on the signature lines of the documents.

However, except for the failure to correct the dates, there was no evidence presented that Judge Villagomez displayed any bias or interest in issuing the warrant or that she had become involved in the evidence gathering related to the issuance of the warrant. The magistrate's testimony reflected that she made a probable cause determination based on the factually detailed sworn statement of the officer who prepared the affidavit and warrant. Galbert failed to show that the magistrate abandoned her role as a judicial officer in signing the warrant and affidavit. See United States v. Broussard, 80 F.3d 1025, 1035 n.6 (5th Cir. 1996). Thus, the good faith exception to the exclusionary rule is applicable

The good faith exception has been applied to officers although they relied on a warrant that was technically issued in violation of the law if the affidavit relied upon contained specific information regarding the object of the search, there was a probable cause determination, and the warrant could easily be validated by a minor correction. See United States v. Kelley, 140 F.3d 596, 601-02 & n.4. The affidavit submitted to support the issuance of the warrant herein contained a detailed statement of the information possessed by the officer that led him to believe that there was illegal drug activity

going on in the West Donovan Street house. These details also supported the magistrate's determination that there was probable cause to believe that there was ongoing criminal activity in the house. See United States v. Wylie, 919 F.2d 969, 974 (5th Cir. 1990). The warrant could have been easily validated by correcting the month on the signature lines, which would have had no effect on the contents of the affidavit or warrant.

Based on these facts, the good faith of the officers executing the warrant was objectively reasonable and, thus, the district court did not err in denying Galbert's motion to suppress the evidence seized as a result of the issuance of the warrant.

AFFIRMED.